TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 94-816 |
| of | : | |
| | : | June 19, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MICHAEL R. CAPIZZI, DISTRICT ATTORNEY, COUNTY OF ORANGE, has requested an opinion on the following question:

May an individual who has served for 10 years as an investigator in a district attorney's office and thereafter as a deputy district attorney until retirement be issued an identification certificate by the district attorney authorizing him to carry a concealed and loaded firearm?

CONCLUSION

An individual who has served for 10 years as an investigator in a district attorney's office and thereafter as a deputy district attorney until retirement may not be issued an identification certificate by the district attorney authorizing him to carry a concealed and loaded firearm.

ANALYSIS

An investigator employed in the office of a district attorney is a peace officer. (Pen. Code, § 830.1, subd. (a); Gov. Code, § 31469.1.)[1] The present inquiry is whether an individual who has served as an investigator in a district attorney's office prior to assuming, without a break in service, the position of deputy district attorney in the same office may be issued an identification certificate

_____

[1]Unidentified section references hereinafter are to the Penal Code.

1.                                                                                                    94-816

allowing him to carry a concealed and loaded firearm upon his retirement.  We conclude that the retiree under these circumstances may not receive such a certificate.

Section 12025, subdivision (a), provides as follows:

"A person is guilty of carrying a concealed firearm when he or she does any of the following:

"(1)  Carries concealed within any vehicle which is under his or her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person.

"(2)  Carries concealed upon his or her person any pistol, revolver, or other firearm capable of being concealed upon the person."

Section 12027 provides in part as follows:

"Section 12025 does not apply to, or affect, any of the following:

"(a)(1)(A) Any peace officer, listed in Section 830.1 or 830.2, whether active or honorably retired, other duly appointed peace officers, honorably retired peace officers listed in subdivision (c) of Section 830.5, other honorably retired peace officers who during the course and scope of their employment as peace officers were authorized to, and did, carry firearms . . . .  Any peace officer described in this paragraph who has been honorably retired shall be issued an identification certificate by the law enforcement agency from which the officer has retired.  The issuing agency may charge a fee necessary to cover any reasonable expenses incurred by the agency in issuing certificates pursuant to this subdivision.  As used in this section and Section 12031, the term `honorably retired' includes all peace officers who have qualified for, and have accepted, a service or disability retirement.  For purposes of this section and Section 12031, the term "honorably retired" does not include an officer who has agreed to a service retirement in lieu of termination."

Section 12031 provides in part as follows:

"(a)(1)  Every person who carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory is guilty of a misdemeanor.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) Subdivision (a) shall not apply to any of the following:

"(1) Peace officers listed in Section 830.1 or 803.2, whether active or honorably retired, other duly appointed peace officers, honorably retired peace officers listed in subdivision (c) of Section 830.5, other honorably retired peace officers who during the course and scope of their employment as peace officers were authorized to, and did, carry firearms . . . . Any peace officer described in this paragraph who has been honorably retired shall be issued an identification certificate by the law enforcement agency from which the officer has retired."

The issue to be resolved is whether pursuant to the terms of sections 12027 and 12031, an individual who has retired as a deputy district attorney (a position that is not a peace officer position) is a "peace officer . . . who has been honorably retired" if the individual was previously a peace officer.

We commence our analysis with the interpretive precepts that a statute must be given a reasonable and common sense construction consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which, upon application, will result in wise policy rather than mischief or absurdity. (*San Diego Union* v. *City Council* (1983) 146 Cal.App.3d 947, 954; 73 Ops.Cal.Atty.Gen. 424, 425 (1990).) The words of a statute must be accorded their usual and ordinary meaning. (*Committee of Seven Thousand* v. *Superior Court* (1988) 45 Cal.3d 491, 501; 75 Ops.Cal.Atty.Gen. 149, 150 (1992).) Where the language of a statute is clear, its plain meaning should be followed. (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798; 75 Ops.Cal.Atty.Gen., *supra*, 150-151.) A court may not rewrite a statute by inserting thoughts that have been omitted or by omitting thoughts that have been inserted. (*Gillett-Harris-Duranceau, etc.* v. *Kemple* (1978) 83 Cal.App.3d 214, 219; 66 Ops.Cal.Atty.Gen. 217, 222 (1983).)

In our view, the individual in question is not, in the plain language of the statute, a peace officer who has been honorably retired, because the person was not at the time of retirement a peace officer at all. Nothing in the statutory language suggests that the exemption applies to any person who is or ever was a peace officer. Indeed, the statute was recently amended to define the term "honorably retired" as "all peace officers who have qualified for, and have accepted, a service or disability retirement." (Stats. 1993, ch. 224, § 1.) Clearly the individual under consideration was never a peace officer who qualified for and accepted retirement. On the contrary, in his position as a peace officer, the election was not to retire, but rather to continue in a non-peace officer position. In this regard, it is to be noted that exceptions to the general provisions of a statute are to be narrowly construed; only those circumstances which are within the words and reason of the exception may be included. (*City of Lafayette* v. *East Bay Mun. Util. Dist.* (1993) 16 Cal.App.4th 1005, 1017; 70 Ops.Cal.Atty.Gen. 244, 246 (1987).)

Here, sections 12027 and 12031 are irrelevant in regard to a retiree who is not a peace officer at the time of retirement. The length of service as a peace officer is immaterial under the statutory language, as is the fact that the peace officer may have been eligible for retirement at the time of the transfer to the non-peace officer position.

Further, if sections 12027 and 12031 did provide an exemption for an individual who was at any time prior to retirement a peace officer, the nature of the agency from which the person retired, i.e., whether a law enforcement agency or otherwise, would not be significant. On the

contrary, the words "law enforcement" were specifically added as a description of the agency from which the retirement is sought. (Stats. 1993, ch. 224, §§ 1, 2.) As explained in the Legislative Counsel's Digest with respect to the 1993 amendment:

> "This bill would clarify this provision by requiring that a peace officer who has been honorably retired be issued an identification certificate by the law enforcement agency from which the officer has retired."[2]

Hence, while the retirement in question occurred for service in a district attorney's office, a law enforcement agency (cf. 75 Ops.Cal.Atty.Gen. 223, 227 (1992); 70 Ops.Cal.Atty.Gen. 183, 185 (1987)), we find that fact to be analytically insignificant.

Moreover, the 1993 amendment of section 12027 added the language that "the term `honorably retired' does not include an officer who has agreed to a service retirement in lieu of termination." Under the circumstances described, a contrary conclusion would apply the statutory exemption without regard to whether the resignation of the peace officer position was "honorable," since it did not involve retirement, and without regard to whether the retirement was in lieu of termination, since it did not involve a peace officer position. Manifestly that is not what the Legislature intended when it amended section 12027 in 1993.

In view of the foregoing, we find the provisions of sections 12027 and 12031 to be inapplicable even though the individual in question (1) served in a peace officer position for a long period of time, (2) assumed the non-peace officer position without a break in service, (3) assumed the non-peace officer position in the same office in which he had served as a peace officer, and (4) assumed the non-peace officer position in a law enforcement agency.

It is concluded that an individual who has served for 10 years as an investigator in a district attorney's office and thereafter as a deputy district attorney until retirement may not be issued an identification certificate by the district attorney authorizing him to carry a concealed and loaded firearm.

* * * * *

---

[2] It is reasonable to assume that the Legislature enacted statutory provisions with the intent and meaning expressed in the Legislative Counsel's Digest. (Cf., *People* v. *Superior Court* (1979) 24 C.3d 428, 434.)